NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-642

COMMONWEALTH

vs.

FRANCIS ARBOLAY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order of a Superior Court judge (probation judge) revoking his probation and imposing a sentence.  He claims that the probation judge erred by failing to award him the full amount of jail credit for time he served pending the disposition of his probation case, pursuant to G. L. c. 279, § 33A.  The defendant also contends that his due process rights were violated because he was not given sufficient notice that he remained on probation during his incarceration for a parole violation.  Finally, the defendant argues that the probation judge abused his discretion by continuing the defendant's probation violation hearing sua sponte so the probation department could obtain a police report.  We affirm.

Background.  In September 2018, the defendant pleaded guilty to voluntary manslaughter, armed assault with intent to murder, assault and battery with a dangerous weapon causing serious bodily injury, and assault with a dangerous weapon.  A Superior Court judge sentenced the defendant to serve five to eight years in State prison on the manslaughter charge and awarded him 966 days credit for time served.  On the remaining charges, the defendant was placed on two years of supervised probation to begin from and after his committed sentence.  He signed an order of probation conditions (probation order) that stated his probation period began upon his release from incarceration.

On January 3, 2022, the defendant was paroled from his prison sentence, and his probation began the same day.  The defendant again signed the probation order, both at the bottom of the form and under a line stating that his two-year period of probation was from January 3, 2022, to January 3, 2024.  In March or April of 2022, the defendant violated his parole by testing positive for drugs, and he was reincarcerated.[1]

On December 30, 2022, while still incarcerated after his parole was revoked, the defendant was arraigned in District

_____

[1] The record does not provide an exact date of his parole violation.

2

Court on two criminal charges based on allegations that he solicited another inmate to help him carry out a plan to murder his girlfriend upon his release. A District Court judge allowed the Commonwealth's motion to seal and impound the police report filed in support of the complaint. While awaiting trial on these charges, the defendant was detained, initially pursuant to G. L. c. 276, § 58A and later in lieu of $50,000 bail.

On November 2, 2023, the Superior Court probation department issued a notice of alleged probation violation and hearing to the defendant based on the new criminal charges. At that time, the defendant had been held in custody for over ten months on the new charges, which were still pending. About two months remained before the January 3, 2024 termination date of his probation. On November 13, 2024, after an initial probation surrender hearing, a Superior Court judge ordered the defendant detained pending his final surrender hearing.

On January 19, 2024, the probation judge held a hearing on the alleged probation violations. A probation officer presented the following evidence: (1) the defendant's order of probation, (2) the defendant's board of probation record, (3) the notice of violation, (4) the Superior Court indictments charging solicitation to commit a crime and intimidation of a witness, and (5) the Commonwealth's motion to seal and impound the police

3

report relating to the crimes alleged in the indictments. The probation officer told the probation judge that the police report itself was unavailable because of the order of impoundment. The defendant argued that the evidence submitted failed to prove by a preponderance of the evidence that he violated his probation because the hearsay evidence was not substantially reliable. After reviewing the evidence, the probation judge ordered the Commonwealth, through the district attorney's office or the police department, to produce a copy of the impounded police report. He also sua sponte ordered the hearing be continued to a further date to allow for production of the report. The defendant objected to both orders.

On February 5, 2024, the probation violation hearing resumed. The probation officer offered in evidence the previously impounded police report, which the probation judge accepted over the defendant's objection. The probation judge then continued the matter for a further date at the defendant's request. On March 28, 2024, the probation judge received additional evidence from the probation department, including grand jury transcripts and exhibits.

On March 29, 2024, the probation judge found the defendant in violation of his probation. After hearing arguments from both parties, he revoked the defendant's probation and imposed

4

concurrent State prison sentences of seven to nine years on the charge of assault with intent to murder, three to five years for assault and battery with a dangerous weapon causing serious bodily injury, and two to three years for assault with a dangerous weapon. The probation judge awarded the defendant credit for the 137 days he had served from November 13, 2023, to March 29, 2024.

On May 2, 2024, the defendant pleaded guilty to the pending criminal charges. The plea judge sentenced him to serve a term of four to five years in State prison for soliciting to commit a crime and a term of five to seven years in State prison for intimidation of a witness. She ordered the sentences to be served concurrently with each other and with the sentences imposed by the probation judge. The plea judge awarded the defendant 318 days credit for time served while the criminal charges were pending.

Discussion. 1. Sentencing credit. Under G. L. c. 279, § 33A, a defendant who is held in custody pending the disposition of a criminal case is entitled to have that time credited. "Criminal defendants have a right to have their sentences reduced by the amount of time they spend in custody awaiting a trial . . . . However, time spent in custody awaiting trial for one crime generally may not be credited

5

against a sentence for an unrelated crime."  Commonwealth v.
Milton, 427 Mass. 18, 23-24 (1998).  "A defendant in custody
awaiting trial on multiple unrelated cases is entitled to apply
the jail credit to only one case; however, a judge has
discretion to award jail credit to multiple cases upon a timely
request."  Commonwealth v. Pearson, 95 Mass. App. Ct. 724, 727
(2019).

The defendant argues that he was deprived erroneously of
318 days of credit for the time he was held in custody following
his District Court arraignment on the criminal charges that
triggered his violation of probation and the date the probation
department issued the notice of violation.  He claims that
because the 318 days credit was applied to his shorter sentence
on the new criminal case, it was effectively "dead time," from
which he received no benefit.  We disagree.

The defendant received credit for his time served, which
went either toward his new criminal sentence or his probation
violation sentence.  From his District Court arraignment on
December 30, 2022, until his sentencing on the new charges on
May 2, 2024, the defendant was held a total of 490 days.  Adding
the 137 days credit on the probation violation sentence to the
318 days credit on the new criminal sentence, the defendant
received a total of 455 days credit for time served on both

6

cases.  Although there is a thirty-five-day difference between the credit granted by the judges and the total time the defendant was held on these cases, the defendant was not entitled to jail credit on the criminal charges once he began serving his sentence on the probation violation case.  See G. L. c. 279, § 33A; Pearson, 95 Mass. App. Ct. at 726 (defendant entitled to credit for time awaiting trial unless serving committed sentence for unrelated offenses).  The 318 days credit on the new criminal sentence would only be "dead time" if it were not credited against any sentence.  See Milton, 427 Mass. at 21 n.4.  We thus discern no error in the probation judge's allocation of jail credit.  See Pearson, 95 Mass. App. Ct. at 727.

2.  Notice of probation status.  "The principles of due process apply to probation revocation proceedings." Commonwealth v. Ruiz, 453 Mass. 474, 478 (2009).  Due process requirements include that defendants be given fair notice as to "when their actions or omissions will constitute a violation of their probation."  Id. at 479.  The defendant contends that his due process rights were violated when his probation continued unabated during his incarceration for his parole violation. Again, we disagree.

The defendant's probation order plainly stated his two-year period of probation was from "1/3/2022 -- 1/3/2024." He signed the probation order directly under the notation stating the applicable dates.  The probation order also stated that the defendant was required to "obey all local, state, and federal laws."  Therefore, the defendant was given clear notice of "when" his alleged criminal conduct would constitute a violation of his probation.  Nothing in the probation order suggests that probation would be stayed for an unrelated period of incarceration, such as for a parole violation.  To the contrary, reading such a stay into the probation order would violate due process protections that mandate "only a judge has the authority to modify or alter the terms of a defendant's probation." Commonwealth v. Lally, 55 Mass. App. Ct. 601, 603 (2002).

3.  Sua sponte continuance of probation hearing. "[S]ubsequent convictions or guilty pleas render moot an appellate claim that a judge erred in determining that a probationer had violated the conditions of his probation by committing a new offense."  Commonwealth v. Pena, 462 Mass. 183, 187 (2012).  The defendant asserts that the hearing judge abused his discretion by continuing the hearing, sua sponte and over the defendant's objection, so that the probation officer could obtain the police report underlying the new criminal charges.

8

We need not address the substance of this argument, however, because the defendant's subsequent guilty plea to the charges in question renders his claim of error moot.

Order revoking probation and imposing sentence affirmed.

By the Court (Grant, Walsh & Brennan, JJ.[2]),

Clerk

Entered:  July 8, 2026.

---

[2] The panelists are listed in order of seniority.